IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERNST FORD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILLY TRANS BUS CO., ET AL | : | NO. 10-5373 |

MEMORANDUM

**Padova, J.** April 4, 2011

*Pro se* Plaintiff Ernst Ford brings this employment discrimination action *in forma pauperis* against Philly Transportation, LLC (identified in the Complaint as "Philly Trans Bus Co."); Eric Faust, the owner and President of Philly Transportation, LLC; and the National Independent Union (identified in the Complaint as "National Indepent Unions"). Philly Transportation, LLC and Eric Faust have filed a Motion to Dismiss. National Independent Union has also filed a Motion to Dismiss.[1] For the reasons that follow, we grant both Motions and dismiss this action.

**I. BACKGROUND**

The Complaint alleges the following facts. Plaintiff was employed by Philly Transportation, LLC ("Philly Trans"). Plaintiff opposed Philly Trans's practice of unfair dismissal of its employees and, for that reason, he joined a campaign to form a union at Philly Trans. The union was formed in April 2010.

---

[1]Plaintiff did not file a response to either of the Motions to Dismiss. Local Rule of Civil Procedure 7.1 provides that any party opposing a motion to dismiss shall respond to the motion within 21 days after service. See Local Rule 7.1(c). In the absence of a timely response, the motion may be granted as uncontested. Id. Notwithstanding this Rule, the United States Court of Appeals for the Third Circuit has recommended that trial courts not grant motions to dismiss pursuant to Rule 12(b)(6) in *pro se* civil rights actions without analyzing the merits of the underlying complaint. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991). Accordingly, we consider the merits of the Complaint rather than grant the Motions to Dismiss as uncontested.

Plaintiff always did his job at Philly Trans to the best of his ability. He did not misuse equipment or drink and drive. However, on September 30, 2010, Eric Faust, the owner of Philly Trans, called Plaintiff into his office. Faust made the following statements to Plaintiff "I don't like you" and "If I catch you talking to the Haitians, I will fire you." Plaintiff's national origin is Haitian. On October 5, 2010, Steve LaPutka, Operations Manager of Philly Trans, notified Plaintiff that his employment had been terminated. LaPutka told Plaintiff: "Eric doesn't want you to work for him anymore." The National Independent Union did not assist Plaintiff because his shop steward went on vacation.

The Complaint asserts claims pursuant to the First and Fourteenth Amendments, alleging: (1) that Plaintiff was fired in retaliation for his activities in helping form a union at Philly Trans; (2) that Plaintiff was fired based on his national origin, Haitian; and (3) that Faust violated Plaintiff's First Amendment right to assemble with his fellow Haitians. Plaintiff seeks monetary compensation for lost wages and punitive damages in a total amount of $100,000.

Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Both Motions argue that the Complaint should be dismissed because Plaintiff cannot state a cognizable claim for violation of his rights under the First and Fourteenth Amendments because the Complaint does not state a cognizable employment discrimination claim pursuant to any other federal law.

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), we "consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v.

Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). We take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Legal conclusions, however, receive no deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986) (cited with approval in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). In the end, we will dismiss a complaint if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

### III. DISCUSSION

Plaintiff states in the Complaint that his claim arises under the First and Fourteenth Amendments. However, he does not allege that any of the Defendants is a municipality, a government agency, or an employee or official of any state or local government. "[I]t is fundamental

3

that the First Amendment prohibits governmental infringement on the right of free speech. Similarly, the Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." Rendell-Baker v. Kohn, 457 U.S. 830, 837-838 (1982) (emphasis added) (citing Civil Rights Cases, 109 U.S. 3, 11 (1883), and Shelley v. Kraemer, 334 U.S. 1, 13 (1948)). Since none of the Defendants is alleged to be a governmental entity, or a government employee or official, and indeed, both Philly Trans and the union appear to be private entities, Plaintiff has not and cannot bring a cognizable claim for violation of his First and Fourteenth Amendment rights against any of the Defendants.

Defendants suggest that Plaintiff may have intended to assert his discrimination claims pursuant to 42 U.S.C. § 1981, which prohibits nongovernmental discrimination in the making and enforcement of contracts. See 42 U.S.C. § 1981. However, in order to state a claim for relief under § 1981, "a plaintiff must allege, *inter alia*, 'an intent to discriminate on the basis of race by the defendant.'" Carpenter v. Ashby, 351 F. App'x 684, 687 n.6 (3d Cir. 2009) (quoting Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)); see also Broom v. Saints John Neumann & Maria Goretti Catholic High Sch., 722 F. Supp. 2d 626, 631 (E.D. Pa. 2010) ("Because § 1981 was intended to protect against discrimination based on race, it does not provide a remedy to plaintiffs discriminated against 'solely on the place or nation of [their] origin.'" (alteration in original) (quoting St. Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613 (1987), and citing Bennun v. Rutgers State Univ., 941 F.2d 154, 172 (3d Cir. 1991)). Since the Complaint alleges that Plaintiff was fired solely based upon his national origin, and does not allege that he was

4

fired because of his race,[2] we conclude that the Complaint does not state a claim pursuant to § 1981 upon which relief may be granted.

The Complaint also states Plaintiff's belief that there is "a law forbidding employers from discriminating against employees & prospective employees based on race, creed, religion, gender[,] etc." We assume, as do Defendants, that the Complaint refers to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq.* ("PHRA"), which make it an unlawful employment practice for an employer to discharge or otherwise discriminate against an individual based on that individual's "race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1); see also 43 Pa. Stat. Ann. § 955(a) (making it unlawful for any employer to discharge or otherwise discriminate against an employee based on that employee's "race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability . . .").

However, Plaintiff cannot bring a claim for relief pursuant to Title VII or the PHRA without first exhausting his state and federal administrative remedies. See Pik v. Univ. of Pa., Civ. A. No. 08-5164, 2010 WL 3933275, at *5 (E.D. Pa. Oct. 7, 2010) ("A Title VII plaintiff must file a discrimination charge with the [Equal Employment Opportunity Commission] before proceeding to federal court." (citing 42 U.S.C. § 2000e-5(e)); see also 43 Pa. Stat. Ann. § 959. In Pennsylvania,

---

[2]Individuals who may sue for racial discrimination pursuant to § 1981 include "persons who are subjected to intentional discrimination solely because of their ancestry or ethnic characteristics." Saint Francis Coll. 481 U.S. at 613. The Complaint does not identify Plaintiff's race, ancestry, or any of Plaintiff's ethnic characteristics. Consequently, the Complaint does not state a cognizable claim for relief pursuant to § 1981. But cf. Broom, 722 F. Supp. 2d at 628, 631 (declining to dismiss a § 1981 claim pursuant to Rule 12(b)(6) where Broom, a student of Brazilian ancestry, alleged that his teacher discriminated against him based on his "race and/or nationality" by, among other things, telling his classmates that "that Brazilians don't wear clothes but instead use their long hair to cover their bodies").

an individual seeking to file a either a PHRA or Title VII discrimination claim must first file a state administrative claim with the Pennsylvania Human Relations Commission ("PHRC"). See Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000) ("Under Title VII . . . plaintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed access to federal judicial relief." (citing 42 U.S.C. § 2000e-5(c)); 43 Pa. Stat. Ann. § 959(a) ("Any person claiming to be aggrieved by an alleged unlawful discriminatory practice may make, sign and file with the Commission a verified complaint, in writing, which shall state the name and address of the person, employer, labor organization or employment agency alleged to have committed the unlawful discriminatory practice complained of, and which shall set forth the particulars thereof and contain such other information as may be required by the Commission.").

The PHRC complaint must be filed within 180 days of the alleged act of discrimination. 43 Pa. Stat. Ann. § 959(h). If an individual has first filed a with the PHRC, he or she may file a federal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") "within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier . . . ." 42 U.S.C. § 2000e-5(e)(1).

Here, the Complaint does not allege that Plaintiff filed a discrimination claim with the PHRC or the EEOC prior to filing the instant lawsuit. Accordingly, to the extent that Plaintiff intended to assert a claim pursuant to Title VII or the PHRA, we dismiss that claim because Plaintiff has failed to allege that he exhausted his administrative remedies prior to filing suit.

## IV. CONCLUSION

For the foregoing reasons, we conclude that the Complaint fails to state any claims pursuant to the First and Fourteenth Amendments to the Constitution, 42 U.S.C. § 1981, Title VII, or the PHRA upon which relief may be granted. The Complaint is, therefore, dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

"[I]n civil rights cases, district courts must offer amendment -- irrespective of whether it was requested -- when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). In assessing futility, we apply the same standard of legal sufficiency as applies under Rule 12(b)(6). Id. (citation omitted). Since none of the Defendants in this case are governmental entities or employees or officials of governmental entities, amendment of Plaintiff's First and Fourteenth Amendment claims would be futile and we dismiss those claims with prejudice. We are not so certain, however, that Plaintiff could not file an amended complaint alleging facts that would support a § 1981 claim for racial discrimination or that would satisfy the exhaustion requirement for a claim brought pursuant to Title VII or the PHRA. We therefore grant Plaintiff leave to file an amended complaint that alleges claims for relief pursuant to § 1981, Title VII and the PHRA, provided that he can assert facts that support such claims. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.